IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action: 1:17-CV-00849

| | |
|---|---|
| **ALYSON SHOAF,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **PLAINTIFF'S**<br>) **MEMORANDUM OF LAW IN**<br>) **SUPPORT OF HER MOTION**<br>) **TO AMEND COMPLAINT** |
| **THOMASVILLE CITY SCHOOLS BOARD OF EDUCATION; PATRICE FAISON; BARBARA ARMSTRONG,** | )<br>)<br>)<br>) |
| Defendants. | ) |

This is an action in which plaintiff seeks damages from defendants pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2(a)(1), *et seq.*, 42 U.S.C. § 1983, 42 U.S.C. §1981 and the public policy of North Carolina, N.C. Gen. Stat. § 143-422.2. Plaintiff also brings a state law claim for Intentional Infliction of Emotional Distress. Plaintiff seeks declaratory and injunctive relief to recover damages for the violation of her protected rights.

## PROCEDURAL BACKGROUND

Plaintiff initiated this action on September 17, 2018 when she filed and obtained an Application and Order extending Time to File Complaint, and subsequently filed her Complaint on October 8, 2018. Defendant TCS filed its answer on November 21, 2018, and the individual defendants each filed an answer on January 24, 2019. All defendants then moved for a partial dismissal on January 28, 2019.

As noted in her accompanying Motion, Rule 15 allows for amendments as a matter of course as it pertains to the individual defendants, but not to TCS, who has denied consent to plaintiff to amend her Complaint. Accordingly, plaintiff has filed for leave from the Court under Rule 15 (a)(2).

## FACTS

Plaintiff incorporates the facts alleged in her Complaint as if fully set forth herein. (Doc #3).

## DISCUSSION

Plaintiff seeks to amend her Complaint in order to supplement and clarify her Claims for Relief. Specifically, plaintiff has clarified that her Title VII and wrongful discharge claims are only against TCS, and has clarified her claims as they pertain to the individuals in their official or individual capacity. Further, plaintiff has clarified that her punitive damages claims are only against the individuals. As it pertains to TCS, plaintiff supplements her complaint with language alleging a waiver of sovereign or governmental immunity (¶ 37), subjecting TCS to potential liability in regards to plaintiff's state law claims. Additionally, plaintiff supplements her complaint with additional facts to support her claim of municipal liability under 42 U.S.C. § 1983 (¶¶ 32-35). Notably, plaintiff's statute of limitations against TCS has not expired on either her state law claims or her claim under 42 U.S.C. § 1983. If plaintiff's proposed amendments were denied, plaintiff would be required to file a separate lawsuit on these claims. For the reasons set forth in plaintiff's motion to amend her complaint, in addition to below, this Court should allow plaintiff to

amend her complaint. *See* Exhibit A to Plaintiff's Motion to Amend Complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court emphasized the clear intent of this rule:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason --- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. --- the leave sought should, as the rules require, be "freely given."

*See also Laber v. Harvey*, 438 F.3d 404, 418 (4th Cir. 2006); *Pittston Co. v. U.S.*, 199 F.3d 694, 700 (4th Cir. 1999); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613-14 (4th Cir. 1980).

There has been no "undue delay," "bad faith or dilatory motive on the part of the movant," or "repeated failure to cure deficiencies by amendments previously allowed" in this case. *Cf. Foman*, 371 U.S. at 182, quoted above. Plaintiff has not unduly delayed her motion to amend her complaint, especially considering that discovery has not commenced in this action, the parties have yet to hold the initial Rule 26(f) conference, and indeed plaintiffs have filed for leave within 21 days of the individuals' respective Answers.

There is also no "repeated failure to cure deficiencies by amendments previously allowed" on plaintiff's part. This motion is the first effort on plaintiff's part to amend her complaint.

3

Given that this case is still pre-discovery, it would result in no "undue prejudice to the opposing party." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."). As a result, defendant cannot argue that there would be an undue prejudice to them by the Court allowing plaintiff to amend her complaint, as specifically set out in Exhibit A to Plaintiff's Motion to Amend Complaint.

Based on the above principles, since there has been no undue delay; no bad faith or dilatory motive on the part of plaintiff; no repeated failure to cure deficiencies; and because plaintiff's proposed amendment would not unduly prejudice defendant, plaintiff's amendment should be allowed.

## CONCLUSION

For reasons stated above, plaintiff respectfully requests that the Court permit her to amend her Complaint as set forth in Exhibit A to Plaintiff's Motion to Amend Complaint.

This the 14th day of February, 2019.

                                                  /s/ R. Michael Elliot
R. Michael Elliot (42806)
Attorney for Plaintiff
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave, Ste 200
Charlotte, NC 28203
Telephone: (704) 707-3705
michaelelliot@emplawfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 14th 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel for defendants:

**Addressee:**

Ryan D. Bolick
Virginia M. Wooten
Cranfill Sumner & Hartzog LLP
P.O. Box 30787
Charlotte, NC 28230
Telephone: (704) 332-8300
rbolick@cshlaw.com
vwooten@cshlaw.com

/s/ R. Michael Elliot
R. Michael Elliot (42806)
Attorney for Plaintiff
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave, Ste 200
Charlotte, NC 28203
Telephone: (704) 707-3705
michaelelliot@emplawfirm.com