IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:18-CV-952

| | |
|---|---|
| ALYSON SHOAF, )<br>   Plaintiff, )<br> )<br>v. )<br> )<br> )<br>THOMASVILLE CITY SCHOOLS )<br>BOARD OF EDUCATION; )<br>PATRICE FAISON; BARBARA )<br>ARMSTRONG, )<br> )<br>   Defendants. ) | JOINT RULE 26(f) REPORT/<br>DISCOVERY SCHEDULING<br>ORDER |

1. Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), a phone conference was held on **March 11, 2019**, between counsel for the Plaintiff and Defendants, who jointly submit their Rule 26(f) Report at this time for the Court's consideration.

2. **Pre-Discovery Disclosures**. The parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) on or before **April 8, 2019**.

3. **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

   a. The "commencement date" of discovery will be **upon entry of this Order**. The parties anticipate needing to conduct discovery concerning (1) Plaintiff's allegations as set forth in the Complaint [Doc# 1]; (2) the alleged damages sought by plaintiff; (3) Defendant's affirmative and other defenses as set

forth in Defendant's Answers; (4) all other issues raised by the pleadings; (5) all other matters relevant to the parties' claims and defenses.

Discovery shall be placed on a case-management track established in LR 26.1. The parties jointly agree and propose that the appropriate plan for this case is that designated in LR 26.1(a) as: **Complex**, with modifications proposed herein.

    b. The date for the completion of all discovery (general and expert) is: **November 29, 2019**.

Discovery Limits:

1) Maximum of 25 interrogatories by each party to any other party.
2) Maximum of 25 requests for admission by each party to any other party.
3) Maximum of 7 depositions each (including any experts) by Plaintiff and Defendant. Without good cause shown, no person or entity shall be deposed more than once.

    c. The parties agree that disclosure or discovery of electronically stored information should be handled as follows: **the parties do expect discovery of electronically stored information**.

        i. **Relevant Information**: The parties have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

        1. Any electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes. However, as set forth in Fed. R. Civ. P. 26(b)(2)(B), a party need not provide discovery of

electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Fed. R. Civ. P. 26(b)(2)(C). The Court may specify conditions for the discovery.

2. The parties agree to meet and confer as soon as practicable regarding the potential sources of relevant ESI, including identification of custodians, the relevant time period, and methods for culling the resulting ESI if necessary (such as through the use of search terms).

ii. **Form of Production/ Preservation**: The parties shall make good faith efforts to produce the aforementioned discoverable electronically stored information in searchable pdf format .The parties further agree that they will undertake good faith efforts to identify relevant and responsive electronically stored information.

iii. In accordance with Fed. R. Evid. 502(d), the parties stipulate that the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties further agree that this

stipulation shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

   d. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

      1) From Plaintiff: **August 30, 2019**

      2) From Defendant: **September 30, 2019**

Supplementations will be provided in Rule 26(e) or as otherwise ordered by the court.

4. **Mediation**. The parties agree that mediation is a suitable alternative dispute resolution procedure. Mediation should be conducted, by the end of the discovery period, the exact date to be set by the mediator after consultation with the parties. **The parties propose that the mediator shall be Marc Gustafson.**

5. **Preliminary Deposition Schedule**. The undersigned proposes the following schedule for depositions: **The parties anticipate that fact witness depositions will be taken after written discovery by the Parties. The Parties will update this deposition schedule at reasonable intervals.**

6. **Other Items**. Dispositive motions shall be due according to the Federal Rules of Civil Procedure.

Plaintiff should be allowed until **April 30, 2019** to join additional parties or to amend pleadings per the Federal Rules of Civil Procedure.

Defendants should be allowed until **May 31, 2019**, to join additional parties or to

amend pleadings per the Federal Rules of Civil Procedure.

After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

The parties have discussed special procedures for managing this case, including referring the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master. **The parties do not consent to the referral of the case to a Magistrate Judge.**

If necessary, the parties agree that trial of this matter will take approximately three to five days.

The parties agree that effective and proper service of all pleadings and documents required to be served in this case may be accomplished by email.

This the 11th day of March, 2019.

/s/ R. Michael Elliot
R. Michael Elliot (42806)
Attorney for Plaintiff
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave, Ste 200
Charlotte, NC 28203
Telephone: (704) 707-3705
michaelelliot@emplawfirm.com

**Attorney for Plaintiff**

/s/ Ryan D. Bolick
Ryan D. Bolick (26482)
Virginia M. Wooten (48180)
Attorneys for Defendants
Cranfill Sumner & Hartzog LLP
P.O. Box 30787
Charlotte, NC 28230
Telephone: (704) 332-8300
rbolick@cshlaw.com
vwooten@cshlaw.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel for defendants:

Ryan D. Bolick
Virginia M. Wooten
Cranfill Sumner & Hartzog LLP
P.O. Box 30787
Charlotte, NC  28230
Telephone: (704) 332-8300
rbolick@cshlaw.com
vwooten@cshlaw.com

        /s/ R. Michael Elliot
        R. Michael Elliot (42806)
        Attorney for Plaintiff
        Elliot Morgan Parsonage, PLLC
        300 E. Kingston Ave, Ste 200
        Charlotte, NC 28203
        Telephone: (704) 707-3705
        michaelelliot@emplawfirm.com