IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALYSON SHOAF,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          1:18CV952
                                 )
THOMASVILLE CITY SCHOOLS,        )
PATRICE FAISON, and BARBARA      )
ARMSTRONG,                       )
                                 )
          Defendants.            )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is before the court on Plaintiff's motion for
leave to amend her complaint, (Doc. 17), and Defendants'
combined motion to dismiss the original complaint, (Doc. 15).
For the following reasons, the court finds that the motion to
amend should be granted and the motion to dismiss should be
denied as moot, without prejudice to Defendants filing a new
motion to dismiss the amended complaint.

## I.   MOTION TO AMEND

"The court should freely give leave when justice so
requires." Fed. R. Civ. P. 15(a)(2).

> [L]eave to amend a pleading should be denied only when
> the amendment would be prejudicial to the opposing
> party, there has been bad faith on the part of the
> moving party, or the amendment would be futile. The
> Fourth Circuit has held, as have a number of other

circuits, that delay alone is not sufficient reason to
deny leave to amend. The delay must be accompanied by
prejudice, bad faith, or futility.

Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir.

1986) (citations and footnote omitted). "Leave to amend . . .

should only be denied on the ground of futility when the

proposed amendment is clearly insufficient or frivolous on its

face." Id. at 510; see also Davis v. Piper Aircraft Co., 615

F.2d 606, 613-14 (4th Cir. 1980) (stating that the absence of

prejudice to the non-moving party alone is typically sufficient

to support granting leave to amend; finding that a proposed

amendment is generally not futile unless it faces an obvious and

insurmountable barrier such as the statute of limitations).

Here, Defendant Thomasville City Schools ("TCS") argues

that the motion to amend is futile because "Plaintiff does not

make sufficient change that would alter the original complaint's

deficiencies as to plaintiff's state law tort claims and claims

under § 1981 and § 1983, which are currently the subject of

Defendant's Partial Motion to Dismiss." (Doc. 21 at 4.) TCS does

not, however, assert that it will suffer any prejudice if the

motion to amend is granted or allege bad faith by Plaintiff.

In her proposed amended complaint, Plaintiff responds

directly to certain arguments raised in the motion to dismiss.

(See, e.g., Doc. 17-1 ¶ 37 (alleging that Defendants have waived

sovereign or governmental immunity by maintaining liability insurance; Defendants identified governmental immunity as grounds for dismissing certain claims).) Defendants may still be able to argue that the amendments do not cure these specific deficiencies for reasons <u>other than</u> those raised in the motion to dismiss. However, on its face, the proposed amended complaint squarely addresses several arguments in the motion to dismiss.

Defendants also do not assert that the amended claims are futile because they are obviously barred by any clearly-applicable law or allege only events outside the statute of limitations. Plaintiff's proposed amendments are thus not "clearly insufficient or frivolous" under Fourth Circuit precedent. Plaintiff's motion to amend is not futile and the motion will be granted; Plaintiff will be permitted to file and serve her proposed amended complaint.

## II. <u>MOTION TO DISMISS</u>

Because Plaintiff's amendments address some of the major arguments raised in the motion to dismiss, the court believes that the most expedient way forward is to deny the currently-pending motion to dismiss as moot and permit Defendants to file a new motion to dismiss addressing the amended complaint directly. <u>See, e.g.</u>, <u>Branch Banking & Tr. Co. v. Meridian Holding Co., LLC</u>, Civil Action No. 3:18-0486, 2019 WL 454602, at

*2 (S.D. W.Va. Feb. 5, 2019) (denying a motion to dismiss as moot when amendments went "to the heart of the alleged legal deficiencies"); <u>Fox v. City of Greensboro</u>, 1:10-CV-229, 2011 WL 13239927, at *2 (M.D.N.C. Mar. 31, 2011) ("[F]or the sake of judicial efficiency and to streamline and focus the analysis in this case, the court will grant Plaintiffs' motion to amend and deny Defendants' motions to dismiss as moot and without prejudice to their being refiled as to Plaintiffs' amended complaint.").

Defendants have not had a chance to respond substantively to the proposed amendments. Further, notwithstanding that the amendments fail to address <u>all</u> grounds for dismissal identified by Defendants, the court finds it efficient to the swift resolution of this case to consider the amended complaint as a whole rather than evaluating the claims piecemeal.[1] Finally, the court notes that the motion to amend was filed on February 14, 2019 and that the parties' joint Rule 26(f) report contemplates

---

[1] The motion to amend was permitted as a matter of course as to Defendants Faison and Armstrong. <u>See</u> Fed. R. Civ. P. 15(a)(1)(B). If the court were to deny the motion as to TCS, the case would move forward (at least for some time) with separate complaints for the individual and entity defendants. The court believes this approach introduces unnecessary complexity.

that "Plaintiff should be allowed until April 30, 2019 to . . .
amend pleadings."[2] (Doc. 22 at 4.)

Defendants' motion to dismiss will be denied as moot in
light of this court's decision granting leave to amend, without
prejudice to Defendants filing a new motion to dismiss
addressing the amended complaint.

III. **CONCLUSION**

For the foregoing reasons, the court finds that Plaintiff's
motion to amend should be granted and that Defendants' motion to
dismiss should be denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave
to amend complaint, (Doc. 17), is **GRANTED.**

**IT IS FURTHER ORDERED** that, within five (5) days of the
date of this order, Plaintiff shall file and serve her proposed
amended complaint.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss,
(Doc. 15), is **DENIED AS MOOT WITHOUT PREJUDICE.**

This the 27th day of June, 2019.

_____
United States District Judge

---

[2] The Rule 26(f) report was approved by order of Magistrate
Judge Peake on March 13, 2019. (See Doc. 23.)